**NORTHERN METAL COMPANY**

v.

**UNITED STATES of America.**

No. 361 of 1963.

United States District Court
E. D. Pennsylvania.

March 31, 1966.

BODY, District Judge.

This is an action for alleged breach of a maritime contract for stevedoring and related services. On April 30, 1957 the parties entered into a contract, pursuant to which libellant undertook to perform stevedoring and other terminal services with respect to the overseas shipment of vehicles and other cargo at specified "commodity rates." The present controversy arose when libellant, in April of 1958, agreed to handle a special shipment of 500 type M–48 tanks under the 1957 contract at a reduced "package rate."

As the work progressed, libellant submitted invoices to the respondent covering its services in loading the tanks

aboard each of the vessels, charging the respondent the "package rate" for each tank plus additional amounts for miscellaneous services which included the lumber and labor costs incurred in installing the necessary plank floors in the holds of the vessels. A dispute arose as to libellant's right to additional compensation for both the lumber and labor expended in constructing the plank floors with dimensional lumber. On March 28, 1960 the Armed Services Board of Contract Appeals rendered a decision affirming libellant's right to be paid extra for the dimensional lumber and rejecting libellant's claim for additional pay with regard to the labor used to erect the plank flooring.

The government, however, still failed to pay libellant any supplemental compensation. Therefore, libellant filed a petition in the United States Court of Claims and on May 31, 1963 the case was transferred to this Court which has exclusive jurisdiction in the matter under the Suits in Admiralty Act of March 9, 1920, 41 Stat. 525, as amended, 46 U.S.C. 741–752. Libellant now seeks to recover on the above labor and lumber claims ($43,104.82) plus an amount of $998.08 which it alleges was improperly deducted from a 1960 contract between the same parties.

The case is now before the Court on the government's amended motion for partial summary judgment and the libellant's cross-motion for summary judgment.

Their respective motions relate to the following three items in issue:

(1) $36,596.79—the total amount held by the Board to have been improperly deducted by ($29,602.40), or refunded to ($6,994.39), the respondent on account of libellant's charges for dimensional lumber used in installing the plank floors;

(2) $998.08—the amount covering the cost of labor in laying the dimensional lumber, which sum was originally paid by respondent but later deducted from libellant's invoices that were sent for work performed under a new contract entered into by the parties in 1960;

(3) $6,508.03—representing the cost of labor used in laying the dimensional lumber which was deducted by the government from libellant's original invoices forwarded pursuant to the 1957 contract.

The government has moved for summary judgment as to items (1) and (2) above. It contends that the claim for $36,596.79 is time-barred by an applicable two-year statute of limitations [Suits in Admiralty Act, § 5, as amended, 46 U.S.C. § 745] and that libellant's claim of $998.08 cannot be properly adjudged because it involves a contract not here in suit. The libellant, Northern Metal Company, seeks summary judgment on all three items listed above.

After a painstaking review of the entire record and a careful consideration of the respective briefs and oral arguments, the Court has reached the following conclusions:

(1) That the claim of $36,596.79, found by the Board to be due libellant, is not barred by the two-year statute of limitations. Northern Metal Co. v. United States, 350 F.2d 833 (3rd Cir.1965). Libellant is entitled to that sum as a matter of law;

(2) That the claim for $998.08 was sufficiently pleaded by libellant; and furthermore, that this amount was wrongfully deducted by the government from the 1960 contract and must therefore be awarded to libellant as a matter of law. United States v. Isthmian S. S. Co., 359 U.S. 314, 79 S.Ct. 857, 3 L.Ed.2d 845 (1959);

(3) That the decision of the Board denying libellant's claim to the $6,508.03 item was not arbitrary, capricious or otherwise without substantial evidence and will not be reversed by this Court. "Wunderlich" Act of 1954, 41 U.S.C. § 321.

In view of the foregoing conclusions of law, the Court now enters the following order:

## ORDER

And now, this thirty-first day of March, 1966, it is ordered that the amended motion of respondent, United States of America, for partial summary judgment be and the same is denied.

It is further ordered that the cross-motion of libellant, Northern Metal Company, for summary judgment is granted as to libellant's claims of $36,596.79 and $998.08 respectively, and denied as to libellant's claim of $6,508.03.

Finally, it is ordered that summary judgment be entered in favor of respondent on libellant's claim of $6,508.03.